45C01-2107-CT-000717

USDC IN/ND case 2:21-cv-00268-TLS-APR document 7 filed 07/28/21 page 1 of 5

Filed: 7/28/2021 1:31 PM
Clerk
Lake County, Indiana

Lake Circuit Court

| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF LAKE | ) | _____, INDIANA |

DAVID MAGURANY and )
MELISSA MAGURANY, )
                                                            )
      Plaintiffs, )
                                                            )
  v. ) CAUSE NO.
                                                            )
CHRIS HELMS TRANSPORTATION, INC and )
JOHN CECCARELLI, individually and as an )
employee, agent and/or servant of )
CHRIS HELMS TRANSPORTATION, INC, )
                                                            )
      Defendants. )

## COMPLAINT

Plaintiffs, DAVID MAGURANY and MELISSA MAGURANY (hereinafter "David" and "Melissa"), for their Complaint against CHRIS HELMS TRANSPORTATION, INC. (hereinafter "HELMS") and JOHN CECCARELLI, individually and as an employee, agent and/or servant of HELMS, allege and state as follows:

1. At all times relevant herein, HELMS was and is an interstate motor carrier operating on I-80, within Lake County, Indiana.

2. At all times relevant herein, JOHN CECCARELLI (hereinafter, "Ceccarelli"), was employed as a professional truck driver working for the pecuniary

1

benefit of HELMS.

3. On January 26, 2021 Ceccarelli was a professional truck driver operating a Kenworth tractor pulling an Extreme flatbed trailer (hereinafter, "tractor-trailer rig") westbound on I-80 near mile marker 4 in Lake County, Indiana.

4. On January 26, 2021, Ceccarelli was operating the tractor-trailer rig under HELMS's motor carrier operating authority and displaying its logo and U.S. DOT number 1796126.

5. On January 26, 2021 at approximately 10:55 p.m., David was driving westbound on I-80, near mile marker 4, in Lake County, Indiana.

6. At all times relevant herein, there was in full force and effect in the State of Indiana, Ind. Code § 8-2.1-24-18, a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs").

7. On and before January 26, 2021, HELMS and Ceccarelli were subject to the FMCSRs. Helms and Ceccarelli were required to ensure that their tractor-trailer rig was loaded and the cargo secured to prevent the cargo from falling from their tractor-trailer, and were required to not operate their tractor-trailer in an out-of-service condition.

8. On and before January 26, 2021, HELMS had a duty to act reasonably in hiring, entrusting, instructing, supervising, and retaining Ceccarelli, to transport cargo in

interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles operating under its authority were reasonably safe.

9. On and before January 26, 2021, Ceccarelli had a duty to follow state traffic laws, to ensure that his cargo was secured to prevent the cargo from falling from his tractor-trailer, to ensure that he was not operating his tractor-trailer in an out-of-service condition, and to operate the tractor-trailer rig in a reasonable and safe manner as a professional truck driver should under the circumstances.

10. Ceccarelli and HELMS operated their tractor-trailer rig in an out-of-service condition.

11. On and before January 26, 2021, HELMS and Ceccarelli breached the foregoing duties and were negligent, grossly negligent, willful, wanton, and/or reckless.

12. On January 26, 2021, as a direct and proximate result of the negligence, gross negligence, willfulness, wantonness, and/or recklessness of Defendants, and each of them, Defendants' cargo fell from their tractor-trailer into the roadway, and the path of David's oncoming car as he safely traveled in his lawful lane of travel, resulting in his car colliding with the unsecured pallet of cargo which Defendants had dropped in the roadway.

13. At all times relevant herein, HELMS exerted authority over Ceccarelli's operation of the tractor-trailer rig, the means and methods employed by Ceccarelli in his

work, and provided him with the equipment, including, but not limited to, the tractor-trailer, and motor carrier authority necessary to accomplish his assigned tasks. As Ceccarelli's employer and/or principal, HELMS is vicariously liable for his aforesaid actions and omissions.

14. As a direct and proximate result of the foregoing collision, David sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time; impairment of earnings capacity; damage to his personal property; loss of use and storage fees; and sustained other injuries and damages of a personal and pecuniary nature.

15. At all times relevant herein, David and Melissa were husband and wife.

16. As a direct and proximate result of the aforesaid acts and/or omissions of HELMS and Ceccarelli, and David's proximately resulting injuries, Melissa has been deprived of a portion of the love, affection, companionship, services, and consortium of David, which he had ably provided prior to January 26, 2021, all to Melissa's damage in an amount to be determined herein.

WHEREFORE, Plaintiffs, DAVID MAGURANY and MELISSA MAGURANY, seek the entry of judgment in their favor and against Defendants, CHRIS HELMS

TRANSPORTATION, INC. and JOHN CECCARELLI, and each of them, for compensatory and punitive damages in an amount to be determined herein, prejudgment interest, for the costs of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley (17877-46)

## JURY DEMAND

Plaintiffs demand trial by jury on their Complaint.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley (17877-46)



*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ **JOILET OFFICE:**
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292

www.kenallenlaw.com